By the Court, Wright, J.
The bank has no direct interest in this controversy. It is the holder of a fund to which it makes no claim, but is desirous to pay over to the persons entitled thereto. The parties interested are the plaintiffs, who claim a part of the fund as the proceeds of their property sold by their agents, Moore, Tibbits <fc Co.; and the defendant Forsyth, the assignee of the insolvent firm, claiming that, as such assignee, he is entitled to the whole of the fund. The principal question is, whether the plaintiffs shall recover the sum of $975, parcel of the fund, and the conceded sum of the avails of property sold for them by their agents; or whether the proceeds of the principals’ property have been so blended with the agents’ own estate, that they cannot be followed or distinguished from it, and consequently (the agents being insolvent) go to the general creditors.
No estate vested in the assignee of Moore, Tibbits &. Co., but that of which they had the legal and equitable title at the time of the assignment. The rights of the parties, therefore, in this case, are to be determined upon the facts as they existed at that period. No subsequent acts of Moore, Tibbits & Co. or of their *502 assignee, or of the purchaser of the plaintiffs’ goods, can affect those rights, or pass to the assignee property or the avails thereof, in which the insolvents had not the legal and equitable title at the date of their assignment.
Moore, Tibbits & Co. were the agents of the plaintiffs for selling a quantity of flour. They were commission merchants, doing business in the city of Troy, and the flour was delivered to be sold by them for the plaintiffs, on commission. They had no title to the property. Both the property and the avails thereof, if disposed of by the agents, belonged to the plaintiffs. If Lane, to whom the flour was sold, had not paid for it, the plaintiffs could have recovered of him the price for which it was sold. The agents sold the flour to Lane on a credit, and took his notes payable to themselves, including therein the sum of $1864,31, the consideration of a simultaneous sale of a portion of their own property. The fact that Moore, Tibbits & Co. sold the flour on credit, and took security therefor, or that they included in the notes taken the consideration of a sale of some of their own property, could not prejudice the plaintiffs’ rights. The taking of notes for goods sold is not a payment or extinguishment of the demand, unless such was the agreement of the parties. The plaintiffs, as principals, might have sustained an action on the sale of the flour, in their own names. The coupling in one or two notes of a demand of the plaintiffs with a demand of the factors, is not a blending of the funds or money of the principal, with the general mass of the estate of the agent, so that the property of the principal cannot be followed or distinguished. It is urged by the counsel for the assignee, that by the sale made by Moore, Tibbits & Co. to Lane of the flour of the plaintiffs, together with a still larger amount of property belonging to them, and, the payment therefor by his promissory notes, the proceeds of the plaintiffs’ property became so mixed with the proceeds of the property of Moore, Tibbits & Co. that the plaintiffs can have no claim to any part of such proceeds. I am aware of the principle, that when goods are sent to a factor to be disposed of, and they are sold and reduced to money, and the money absorbed in the general mass of the factor’s estate, so *503 that, having no ear-mark it cannot be traced or identified, in case of the insolvency of the factor it goes to the creditors at large, and the principal must come in- with them. But the counsel for the assignee begs the question in supposing that the giving of the notes by Lane was a payment of the plaintiffs’ demand for flour sold, or that those notes were strictly proceeds of the property. They were at most but evidences of debt, not extinguishing the demand of the plaintiffs, or their remedy against Lane by action for the price. The taking them was not reducing the property to money, and absorbing it in the general mass of the factor’s estate, so that it was no longer to be traced. Moore, Tibbits & Co. in this case are to be considered as taking Lane’s notes, to the extent of the value of the plaintiffs’ flour, in trust, and for the benefit of the plaintiffs, and the plaintiffs could require payment to themselves. A factor may or may not take an instrument in writing as evidence of the debt. He is not bound to disclose to the purchaser the name of his principal. He may maintain an action in his own name for the price of the goods, and give a valid discharge. (Cowper, 255.) So also the principal may come forward at any time before payment to the factor and assert his right. The factor, by taking a note for the principal’s goods in his own name, or by incorporating in the same instrument a demand of his own, does not change the nature of the principal’s rights. The factor cannot in that way acquire title to the principal’s goods, or their proceeds; and as between the factor and principal, the former is to be regarded as taking the instrument, or evidence of debt, in trust for the benefit of the latter, to the extent of the value of the principal’s property. It is to be observed that Lane’s notes were not paid, nor were they due, prior to the assignment of Moore, Tibbits & Co. The money, or the proceeds of the plaintiffs’ property, had not'come into their hands to be mingled in the mass of their estate. All that they had done was to pledge the notes to the Troy City Bank as collateral security for the payment of a loan of $1500 made to them, and a draft of $933 for which they had become liable as acceptors. This act could not affect the rights *504 of the plaintiffs, even if, as factors, they had the power to transfer by way of pledge the plaintiffs’ interest in the notes.
At the period, therefore, of the failure and assignment of Moore, Tibbits & Co. they had no legal or equitable title in the flour sold to Lane to the amount of $975; and the money or proceeds of such sale had not been realized, nor had they been absorbed in the mass of the agents’ estate, so that they could not be traced or identified. Notes had been taken, including the value of the plaintiffs’ flour, and the value of some of the agents’ own property sold simultaneously, which notes were not due, and remained unpaid. The taking of the notes was not a mingling of the property of the principal with that of the agent, and converting the same into money, so that it could not be followed. The transaction was a single one, of the sale of a lot of flour on commission, to the value of $975. The sale was on a credit. The factors, instead of charging the same to the purchaser in their books, included the amount in two notes, given at the same time, for the plaintiffs’ property and a portion of their own. Neither of these notes, it is true, was for the precise sum of the consideration of the sale of the plaintiffs’ flour, but it is ascertained and conceded that that sum was $975 over and above commissions. Had one of the notes been for the precise consideration of the sale, and the taking of it were even treated as a payment for the plaintiffs’ property, there could have been no difficulty in the case. There can be none now, arising from the fact that neither of the notes was for the precise sum. They, were but evidences of indebtedness, and the interest of the plaintiffs in them is conceded. The taking of them was no payment by the purchaser for the plaintiffs’ flour, nor an appropriation, by the agents, of the proceeds to themselves. The latter acquired by the act no title, legally or equitably, to the property, nor to the avails subsequently realized from the sale thereof. ■At the period of the assignment the plaintiffs had a demand against Lane to the extent of the price of their flour purchased by him from their agents. Those agents could not by their own act of incorporating such demand in an instrument in writing to themselves, acquire it absolutely, or divest the plaintiffs of it. *505 At most the instrument, to the extent of the plaintiffs’ interest, is to be regarded as taken in trust by the agents, and for the benefit of the principal. Neither the property, nor the consideration for which it was sold, nor the notes to the extent of the plaintiffs’ interest, passed to Forsyth by the assignment. Nor can the fact that subsequently to the assignment Lane paid the notes to the Troy City Bank, invest the assignee with the right to claim the purchase money of the plaintiffs’ flour. No question is raised in the case as to the right of the bank to receive the money upon the notes, or as to the validity of the appropriation of a portion of such money in extinguishment of claims held by the bank: if subsequently to the assignment Lane, by paying his notes, paid the plaintiffs’ demand included therein, and even with the plaintiffs’ consent such demand was thus converted into cash, the assignee did not thereby acquire a right to the money. No right existing, or no title to the property passing to him by the assignment, the act of Lane in paying his notes to the bank, including a payment of the plaintiffs’ demand, cannot entitle the assignee to the part of the fund accumulated by, and equal to the consideration of the sale of the plaintiffs’ flour.
I have said that the bank has no direct interest in this controversy. No question-is raised as to its authority to appropriate the money collected by it, to the extent of its claims. The submission relates exclusively to a fund of $1756,81, held by the bank after its claims have been satisfied. It is conceded that the assignee of Moore, Tibbits & Co. and the plaintiffs are the only parties claiming, or who can claim any interest, legally or equitably, in the fund. The assignee contends, that as such he is entitled to the whole of the fund. On the contrary, the plaintiffs urge that to the extent of the value of their property sold by their agents, it belongs exclusively to them, and should not go to the general creditors of such agents. We are of the latter opinion.
A judgment must be entered declaring that of the fund of $1756,81, held by the Troy City Bank, the sum of $975 belongs to the plaintiffs; and that the same be paid out of such fund by *506 said bank, to them; that the balance of said money or fund, after such payment to the plaintiffs, belongs to the defendant Forsyth, as assignee of Moore, Tibbits & Co., and that the bank pay such balance to Forsyth as such assignee: that the plaintiffs recover their costs herein of the defendant Forsyth as assignee ; such costs not to be paid by the defendant personally, but to be chargeable only upon or collected of the estate which he represents.
[Albany General Term,
May 3, 1852.
Harris, Parker and Wright, Justices.]
Judgment accordingly.
€> ♦